**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | | |
|---|---|---|---|
| **DAVID ALLEN CUTSHALL,** | ) | | |
| | ) | | |
| **Petitioner,** | ) | | |
| | ) | | |
| **v.** | ) | **Nos.** | **2:15-CR-1-PLR-MCLC-1** |
| | ) | | **2:16-CV-262-PLR** |
| **UNITED STATES OF AMERICA,** | ) | | |
| | ) | | |
| **Respondent.** | ) | | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 28]. He bases his request for collateral relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), for unconstitutional vagueness [*Id.*]. Also before the Court are requests to proceed *in forma pauperis* [*Id.* at 2] and for the appointment of counsel [*Id.* at 3]. For the following reasons, the petition will be **DENIED** and **DISMISSED**. Petitioner's remaining requests will be **DENIED as moot**.

I.      **BACKGROUND**

In April of 2015, Petitioner pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) [Docs. 11, 12, 13]. In promulgating Petitioner's Presentence Investigation Report ("PSR"), the United States Probation Office determined the relevant guideline range to be 110 to 137 months' imprisonment restricted by the statutory maximum of 120 months [PSR ¶¶ 15, 77, 78]. On July 15, 2015, the Court sentenced Petitioner to a below-range sentence of 96 months' incarceration followed by three years supervised release [Doc. 22]. No appeal was taken and, as a result, Petitioner's conviction became final for

purposes of § 2255(f)(1) on July 29, 2015, at the expiration of time to appeal. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. Proc. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . judgment.").

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. More than a year after that decision, on August 4, 2016, Petitioner submitted what the Court now interprets to be a motion to vacate, set aside, or correct his sentence based on *Johnson*. [Doc. 28]. The Court finds that it need not address the issue of timeliness because, even if Petitioner's claims were submitted within the period for submitting a timely collateral challenge under § 2255(f), he has failed to demonstrate that the Court imposed the challenged sentence in contravention of the laws of the United States.

## II.   ANALYSIS

Petitioner's argument that he no longer possesses predicate offenses sufficient to support his categorization as an armed career criminal under § 924(e) or career-offender under Section 4B1.1 of the United States Sentencing Guidelines fails because his PSR demonstrates that he was never subjected to enhancement under either provision [PSR ¶¶ 15–25, 77, 78; Doc. 22].[1]

---

[1]     The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

To the extent Petitioner challenges the propriety of his base offense level under Section 2K2.1—which imposes a base offense level of 24 wherever the instant conviction followed two felony convictions for a crime of violence or controlled substance offense, U.S. Sentencing Manual § 2K2.1(a)(2)—on the basis that his aggravated burglary conviction is no longer capable of categorization as a crime of violence under the now-defunct residual clause, the Court disagrees. Petitioner qualifies for application of the enhanced base offense level independent of his aggravated burglary conviction as a result of his prior Tennessee convictions for attempted introduction of contraband into a penal facility [PSR ¶¶ 15, 44], *see* Tenn. Code Ann. §§ 1791(a), (b)(3), (d)(1)(B) (2013); U.S. Sentencing Manual § 4B1.2(b) (defining "controlled substance offense" as any offense subject to a term of imprisonment exceeding one year that prohibits "the possession of a controlled substance . . . with intent to . . . distribute or dispense"), and aggravated robbery [PSR ¶¶ 15, 35], *see United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) ("[T]he Supreme Court's holding in *Johnson* leaves unaffected the Court's determination that simple robbery in Tennessee is a predicate offense under the 'use-of-physical-force' clause."); *United States v. Bailey*, No. 14-6524, 2015 WL 4257103, at *4 (6th Cir. July 15, 2015) ("Tennessee convictions for aggravated robbery and robbery are categorically violent felonies under the ACCA's use-of-physical-force clause."); *United States v. Mitchell*, 743 F.3d 1054,

---

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

3

1058–60 (6th Cir. 2014) (holding Tennessee robbery is categorically a violent felony under the ACCA's use-of-physical-force clause). As such, *Johnson* does not apply to Petitioner's case.

## IV. REQUESTS TO PROCEED *IN FORMA PAUPERIS* AND FOR COUNSEL

In addition to his petition for collateral relief, Petitioner has submitted a request to proceed *in forma pauperis* and for the appointment of counsel to assist with litigation of his *Johnson*-related claim [Doc. 28 pp. 2–3]. Both requests are **moot**. The former because this Court has resolved the underlying request for collateral relief and the latter because this Court already provided counsel by Standing Order for the limited purpose of reviewing *Johnson*-based petitions and supplementing those filings where appropriate. *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016) (instructing Federal Defender Services of Eastern Tennessee to "identify defendants with a claim for relief under *Johnson*" and appointing that office to "represent any defendant who seeks relief under § 2255 in light of *Johnson*").

## V. CONCLUSION

For the reasons discussed, Petitioner's § 2255 motion [Doc. 28] will be **DENIED** and **DISMISSED WITH PREJUDICE**. His requests to proceed *in forma pauperis* and for the appointment of counsel will be **DENIED as moot**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will DENY Petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

_____
**UNITED STATES DISTRICT JUDGE**

5