# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:15-CR-1 |
| | ) | REEVES/CORKER |
| DAVID ALLEN CUTSHALL | ) | |

## MEMORANDUM OPINION AND ORDER

On July 14, 2015, David Allen Cutshall was sentenced to a term of 96 months' imprisonment, followed by three years of supervised release, for being a felon in possession of a firearm in violation of 18 U.S.C. § 992(g)(1). In June 2016, Mr. Cutshall filed two *pro se* motions for credit for time served [D. 26, 27]. In both motions, which are now before the Court, Mr. Cutshall requests that the Court grant him credit for the time that he spent in state custody prior to his designation to the federal penitentiary in Terra Haute, Indiana.

Mr. Cutshall does not allege that his sentence was unconstitutional or otherwise contrary to law, and he does not seek relief from unconstitutional conditions of confinement under 42 U.S.C. § 1983. The only relief that Mr. Cutshall seeks is time credited to his sentence. But the computation of time credit is a matter for the Bureau of Prisons, not this Court. *See, e.g.*, 18 U.S.C. § 3624(b)(1) (stating that the calculation of "credit toward the service of a prisoner's sentence" for compliance with institutional disciplinary regulations is "subject to determination by the Bureau of Prisons"); *Petty v. Stine*, 424 F.3d 509, 510 (6th Cir. 2005) (upholding the Bureau of Prisons' reasonable interpretation of the time credit statute). Because there is no legal basis for granting the requested relief, Mr. Cutshall's motions for time credit [D. 26, 27] are **DENIED**.

1

Further, Mr. Cutshall is **ORDERED** to immediately inform the Court and the other parties or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a *pro se* party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of an action.

**IT IS SO ORDERED.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**